UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN STRATTON,<br><br>                      Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA and GARTNER, INC. GROUP INSURANCE PLAN,<br><br>                      Defendants. | Case No.: 20-CV-2037 JLS (NLS)<br><br>**ORDER (1) GRANTING JOINT MOTION TO CONTINUE ERISA TRIAL BRIEFING AND HEARING AND (2) REQUESTING SUPPLEMENTAL BRIEFING REGARDING SUPPLEMENTATION OF ADMINISTRATIVE RECORD**<br><br>(ECF Nos. 32–35) |

      Presently before the Court is the Parties' Joint Motion to Continue ERISA Trial Briefing and Hearing ("Joint Mot.," ECF No. 35). Also before the Court is Plaintiff Maureen Stratton's ("Plaintiff") *Ex Parte* Application to Continue Trial Briefing and to Include Supplemental Vocational Report Within the Administrative Record or in the Alternative to Strike New Vocational Report from the Administrative Record ("*Ex Parte* Appl.," ECF No. 32), Defendant Life Insurance Company of North America's ("Defendant") Opposition thereto ("Opp'n," ECF No. 33), and Plaintiff's Reply in support thereof ("Reply," ECF No. 34).

      Good cause appearing, the Court **GRANTS** the Parties' Joint Motion. The Court **VACATES** the briefing deadlines set by Magistrate Judge Nita L. Stormes (ECF Nos. 23,

28) as well as the hearing on the Parties' cross-motions for judgment presently scheduled for September 2, 2021. However, rather than set continued deadlines at this time, the Court **REQUESTS** supplemental briefing on the issues raised in Plaintiff's *Ex Parte* Application. In particular, the Court would like the Parties to address the following issues:

1. Was Defendant's failure to provide Plaintiff with the Transferable Skills Analysis dated June 20, 2019 prior to July 3, 2021 a "procedural irregularity" or a "fail[ure] to follow a procedural requirement of ERISA" under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc)?

2. Assuming so, should the Court (1) permit supplementation of the administrative record or (2) strike the June 20, 2019 Transferable Skills Analysis from the administrative record?

3. If the Court determines supplementation of the administrative record is appropriate, why should the Court not remand this matter to the plan administrator for an initial determination? *See, e.g.*, *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) (citation omitted); *Johal v. U.S. Life Ins. Co. in City of New York*, 494 F. Supp. 3d 644, 648 (D. Ariz. 2020) (citation omitted).

4. What effect, if any, does the stipulation to apply a *de novo* standard of review (ECF Nos. 13, 15) have on the above questions?

The Parties **SHALL FILE** simultaneous supplemental briefs addressing the above issues and any others they deem relevant to the Court's consideration of the *Ex Parte* Application, *not to exceed ten (10) pages* in length, on or before July 28, 2021. The Parties **MAY FILE** simultaneous responsive briefs, *not to exceed five (5) pages* in length, on or before August 4, 2021. Thereafter, the Court will take Plaintiff's *Ex Parte* Application and

///
///
///
///
///

the briefing thereon under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1) and will issue a ruling in due course as to how to proceed with this action.

**IT IS SO ORDERED.**

Dated: July 14, 2021

Hon. Janis L. Sammartino
United States District Judge